Good afternoon, Your Honor. Alvin Gomez for the account, Sandler Partners. I reserve five minutes. Your Honor, this is a case where Masergy created procedural argument when the California Supreme Court supported Sandler's claim that the rule of reason should have applied in this case rather than per se interpretation under the California Supreme Court made a ruling in the case of Ixchel, and in that case, the Supreme Court stated that the rule of reason is the law that applies between sophisticated business parties, whereas the trial court relied upon Edwards. And in that case, in this case, the court used the per se rule and basically said that there was no exception, and as a result, as a matter of law, that the non-compete provision was void and unenforceable. And so in this situation, the law is clear, and I think counsel will concede that the law is clear and in Sandler's favor as it's not an employment case. This is a business case between two sophisticated business entities. Excuse me, counsel. Yes. As I recall, Ixchel came down after the district court made its decision. Is that correct? That is correct. So should we just, if you prevail in your view, should we just remand so that the district judge can apply the law as it is after Ixchel, or should we do any more than that? I think that we just need to remand and the court needs to apply Ixchel and make determination under the rule of reason, whether or not it's a question of fact or a question of law. It's our position that it's a question of fact for a trial of fact to decide under the rule of reason and what that means. And so it's our position that this court should simply send the case back based upon Ixchel and let the trial court make a determination if they can make a ruling based upon the record, where our position is the court needs to overrule its decision and allow the parties to engage in discovery for a factual determination as to the factors. Okay, I understand that. You're just saying remand for application of Ixchel and now educate me. I've got a conception of what this case is, but I don't know if I understand it right. So I want to bounce my idea off you and you educate me if I misunderstand. It looks like a case where a salesman basically is entitled to a commission for any sales made to a customer that he finds. And when the company finds another salesman, it still has to pay him the commission if it's a customer that he found. That's what Sandler's position is. And the Masergi position is under the pre-Ixchel understanding of the California statute, that deal would be a restraint of trade. And after Ixchel, it's a question of whether the rule of reason makes it an unreasonable restraint of trade rather than per se. Am I understanding the case right? Yes, Your Honor. It's a commission based upon referral of a customer of Sandler to Masergi. Okay, thanks. And so, you know, from our standpoint, it's a very simple matter for the court to remand. Unless the court has any further questions, I'll reserve the remaining time for rebuttal. Counsel, if I could ask one question. Yes, you may. I want to make it clear. So from your standpoint, you think if we vacated and remanded for consideration in light of Ixchel, that that would be the proper decision? Yes. Yes, because at that point, it would go back to the trial court. And then our position is it's a question of fact, not a question of law with regard to the rule of reason. And that Masergi would have to pursue a motion for summary judgment. So Sandler and Masergi could then have a full and fair hearing on the rule of reason issues? Correct. Based upon the merits of the new California Supreme Court decision in Ixchel. Correct. Okay. Thank you, counsel. Thank you, Your Honor. Okay, Ms. Thank you, Your Honors. I had to unmute there. Good afternoon. May it please the court. Mary Christine Sangaila for Apele Masergi. Our position is that a remand is not necessary for two, on two counts. The first is waiver. This entire appeal can and should be affirmed on waiver grounds. Sandler had full leave to amend the contact claims from the first amended complaint, and it abandoned those claims ultimately in the third amended complaint. It alleged them briefly in the second amended complaint and then withdrew those claims and alleged only tort claims in the third amended complaint. And under this court's en banc decision in Lacey, it cannot resurrect these claims on appeal now because it had leave to amend, chose not to exercise that. And those- I thought that we had law that said that they could reassert a claim if the judge had said, you lose on that, your theory is wrong. And then when they replead, since it would be futile to make the same claim that the judge resurrected on appeal. What am I mistaken about there? Well, in this case, Sandler did raise contract claims again in a second amended complaint, but then chose not to pursue that complaint and then alleged the tort claims. And there's nothing in the district court's order that prevented them from doing that. There was full leave to amend for all of the contract claims. I know that Sandler urges that his reading of that order is that it was a limited opportunity for leave to amend, but the order is very clear that it was completely open to amend on all of the contract claims. And the judge already ruled that they lose on the contract claims because of the California restraint on trade statute? Yes. Well, it had actually had two different reasons because there was a New York choice of law provision in the contract, which Sandler had urged that New York law should apply. So the court analyzed both under California law, 16-600, concluded that prior to Ixchel, there was a per se violation there and could not be enforced. And then because Sandler had raised the New York law, it also analyzed it under New York and concluded, which has a rule of reason and reasonableness, which is what the Supreme Court ended up clarifying was the rule here in California for business contracts. So the district court basically already did the analysis that Sandler is asking to be done again under a New York rule of reasonableness and concluded that based on this provision, which is really a trifecta of unreasonableness, that that it was it just wasn't enforceable under a rule of reason either. There's no time limit. There's no geographic limit. And in fact, there's no tailoring of legitimate interest to be protected here, which Sandler's never identified what that interest might be. But in any event, it's quite overbroad to say, as you indicated, Your Honor, that this is a sales arrangement, that Sandler gets paid to make sales. And as David Mamet has said in Glen Gary Glen Ross, you know, to be a salesman, you have to be always be closing. You have to have someone sign on the dotted line. There is no right to prospective customers or potential sales. And that is what they are urging that this provision gives them, an introduction, not a previous relationship, not an actual sale of any kind. That still means that they get paid for not making a sale. I thought that was the deal, whether it's valid or not is the question in the case. But I thought that was the deal, kind of like what real estate brokers always do to prevent sellers of houses from going behind their back and making a deal independently with the buyer of the house to cut the real estate broker out of his commission. If I find a customer and you ultimately sell to him yourself, you still owe me my commission, those kind of deals. That's what this was. Well, it's it is it is I mean, you can't have it, you can't have a deal, you can't have a deal like the Glen Gary Glen Ross case where until you get the customer to sign on the dotted line, you don't get a commission. And some people have those kind of deals and some people have other kind of deals. Right, well, and you've I mean, you know, that's a great deal if you can get it and it's enforceable, I suppose. But even in the context that you're raising with regard to to real estate contracts and brokers, my understanding is that those are at least limited in some way. If they do allow for some money for a sale that was was not actually made by the salesperson, there's a limited time frame usually for that 30 days, 60 days, something like that. After the after the list, that would be that would be an argument about that. That would be an argument about whether the rule of reason still prohibits this particular contract. Right. And that's what we and that's that's what the district court found in applying the New York choice of law. It concluded that even under that a rule of reasonableness, that this this has to fail because it is overbroad in terms of protecting an interest. I'm looking for the language at 2ER tab 16 footnote 4. It's void and unenforceable under the New York choice of law provision and rule of reason because it is, quote, unlimited, temporarily, geographically and places places severe restraints on masurgy and potential customers of masurgy. So that is what the district court already concluded. And there's certainly, you know, there's some authority for looking at this reasonableness question at the motion to dismiss stage as well. Judge Guilford in the Aussie Cuts case did so and concluded that it could not satisfy a rule of reason in that case under Ohio law at the time and dismissed the claim there. So I will say there's nothing with our exact facts with the range of trifecta of problems, as I mentioned, in terms of time, geography and and a legitimate interest or overbreadth. I would also note that in this case, as I mentioned earlier, Sandler has never identified what that legitimate interest is that it's seeking to protect by this provision, which which itself seems like it should need to do in order to show that it's enforceable and in order to satisfy even the pleading standards of Iqbal and Twombly. So that seems like that's an additional issue with regard to their claims. But with regard to the need to remand, we don't think that's necessary, both, as I the fact that the district court did already do this analysis, as it turns out, under the New York choice of law. Counsel, if I could ask you a question. Sure. On your second point, if if we don't conclude there was a waiver and there has to be assessment as to whether it's an unreasonable restraint of the district court. Earlier applied in New York. Anti-restraint of trade. Wouldn't it be proper to remand for the district court to now apply ISCCHO and whatever the California Supreme Court has said? Yes, that that is that is one avenue. We don't think that avenue is necessary, given given the district court's analysis already. And since it is a legal question, we think that's something that the panel can do. But but that is certainly an option for this panel. Thanks. I, in the event this court does not want to remand, but does want to address the questions of ISCCHO as well, I wanted to address one point that my colleague had had raised in the briefs, which was a suggestion that the analysis under ISCCHO is somehow limited to purely a monopoly context, and therefore it's always a factual question. In fact, there are a number of ways of analyzing the question in ISCCHO and reasonableness, and one of them is the one that the court engaged in here under the under the New York law and the one that that we are arguing that does not require a monopoly analysis. It really is just looking at whether there is a legitimate interest to protect and whether the provision is overbroad in protecting it. That is, in fact, the analysis that Judge Guilford also did in the Ossie Petz case to conclude that it was overbroad at the motion to dismiss stage as well. But I wanted to be clear that that is not there's not just a narrow focus on restraints in ISCCHO as has been urged. So. I don't know if the court has any other any other questions or any questions at all about the tort claims at all, they are I'm sure I'm curious about something in your argument about how the application of New York law came out and why the judge would have to reach the same result under California law. I don't know that we'd get this far. What I'm thinking is your argument has the potential to eliminate contract law in California altogether because every contract is a restraint of trade. Every contract where you promise where the buyer promises to buy from a particular seller restrains the buyers trade with other sellers and other sellers trade with the and it's plain that that's binding because other potential sellers could actually be liable and tort for interference with advantageous contract contractual relations if they do try to exploit freedom of the market untrammeled by the contract. And I'm thinking there are a lot of contracts where there are various incentives and they have a very long duration but without a monopoly, they don't violate the rule of reason as for example, contracts I'll buy all of my chips from your company in order to get a deal with your company at all. So I'll have a supply of computer chips. And there are a lot of contracts like that and with your interpretation, I don't understand. I think the California Supreme Court said the same thing. Actually, in Ixchel, it said every contract is a restraint of trade. If you don't apply a rule of reason to them, then there's no such thing as the law of legitimacy of the interest that's being protected and what is too broad or just sort of a perfect fit with regard to that interest. Since I don't know exactly what Sam would say that particular interest is, you know, there's a challenge in analyzing that. But let's say there's trade secrets or other things like that that you're trying to protect, then the provision should really only have restraints related to that, which is to Judge Guilford's analysis with regard to the Aussie Pets case saying, OK, you want to protect certain information and trade secrets and things like that, then you can have a restriction that's limited to that. But one that extends to many other people and almost anything else in this industry that's really overbroad that really doesn't threaten those trade secrets, then that is not going to be enforceable. And that's our point here with regard to this provision that it's quite broad, both in terms of time, geography, and also in terms of what kind of legitimate interests are being protected and, you know, business efforts are being protected under this agreement. So that is, I don't, I hear you, but I don't, I do not think that that are I'm thinking, I'm thinking of the problem. I'm thinking a deal with the construction contractor in a lumber yard where the lumber yard has been liberal on credit. So the contractor says, thanks for being liberal on credit. I will make a deal with you if you can, that in exchange for your having been so liberal on credit, I will buy all my plywood and all my two by fours and other framing materials from your lumber yard. No trade secrets involved, just a very routine commercial contract. And I'm thinking that's void under your analysis of the rule of reason. Well, that's the protecting the legitimate interest standard is one that's longstanding in California law with the many turn of the century, and I mean, 19th century or 1900 cases that the California Supreme Court cited for that. And post Ixchel, there is a California court of appeal case discussing the different avenues, which tracks the restatement as well. The restatement talks about this over breadth of a legitimate interest. So, yes, there can be, certainly if there is a legitimate interest that's being protected in a way that fits that interest, then sure, it would not violate 16600, but that's not what's going on here. All right. Thank you, counsel, for your time. Mr. Gomez, you preserved some time that you don't have to use at all if you don't need it. You're also on mute. Yes, I apologize. With regard to the issue of waiver, defendants made a judicial admission in cap 13, page 25 and 26, and here's what they say. Even if plaintiff properly pled the nonspecific oral agreements, they clearly merge into the party's integrated agreement and the court has already found the non-complete provision promise clause to be void and enforceable. Nothing has changed with the court's prior ruling and any attempt to revive this claim is to be filed. And so as the Honorable Kleinfeld said, the issue was decided by district court that the agreement was void and unenforceable and any attempt to amend it after that point in time would have been futile. And so based upon this information, Your Honor, we request that the court remand the case back to the trial court and reverse its ruling. Thank you. Thank you, counsel. Sandler Partners versus Macer Jeep Communications is submitted. This session of the court is adjourned for today.
judges: Kleinfeld, Wardlaw, Gould